UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                                  Case No.: 10-12706

Currency $7,590,                                                       Honorable Sean F. Cox

    Defendant.

_____/

**ORDER DENYING THE GOVERNMENT'S
MOTION FOR ENTRY OF AN ORDER DEEMING ALLEGATIONS ADMITTED
(DOCKET ENTRY NO. 23)**

    This is a civil forfeiture case in which the Plaintiff United States ("the Government") asserts that Defendant Seven-Thousand Five-Hundred and Ninety Dollars ($7,590.00) in United States currency is forfeitable to the United States.  The Claimant in this case is Dontay Adams ("Adams").  Currently before the Court is the Government's Motion for Entry of an Order Deeming Allegations Admitted (Docket Entry No. 23).  The Court finds that oral argument would not significantly aid the decisional process.  *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.  The Court therefore orders that the motion will be decided upon the briefs.  For the reasons that follow, the motion shall be DENIED.

    The funds at issue in this case were seized from Adams during a traffic stop on February 1, 2010.  (Compl. at 3).

    On July 8, 2010, the Government filed its complaint for forfeiture, pursuant to Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeitures.  On July 10,

1

2010, the Government published a Notice of Civil Forfeiture.

Proceeding *pro se*, Adams filed a claim (Docket Entry No. 6) for the money on August 10, 2010. In his claim, Adams describes his version of the underlying events and denies being involved in any narcotics activities. Instead, Adams claims that the money was earned from his real estate business. *(Id.).* The Government subsequently sent Adams a letter, dated August 11, 2011 (Docket Entry No. 8), notifying him that the Claim he filed did not meet the requirements of Forfeiture Rule G(5). The letter also notified Adams that he had to file an answer to the Government's complaint within 21 days after filing his claim, pursuant to Forfeiture Rule G(5)(b).

Acting *pro se*, on August 16, 2010, Adams filed an answer to the Government's complaint. (Docket Entry No. 8). That answer consisted of a cover sheet titled "Answer - To Claim Property," which was attached to his written Claim. Additionally, Adams included an amended, notarized Claim, presumably in response to the Government's August 11, 2010 letter. In the notarized Claim, Adams denies the money came from drugs and states, "I hereby make this claim under oath and subject to penalty of perjury." *(Id.* at 6).

On November 4th, 2010, the Government requested a Clerk's Entry of Default, which the Clerk entered that same day. (Doc. Entry No. 13).

On November 18, 2010, the Government filed s Motion for Default Judgment, seeking a final order for forfeiture. This Court heard oral argument on that motion on February 3, 2011. Adams appeared at the February 3, 2011 hearing, at which time he presented his claim and denied that the funds were from drug activities.

Considering Adams' *pro se* status and the claims and defenses he presented at the

hearing, this Court concluded that it was in the best interests of justice to allow Adams to amend his answer. This Court issued an order granting him leave to file an amended answer (Docket Entry No. 21) and stated that "Adams' amended answer should address his defenses to the Government's Complaint for Forfeiture, just as he presented them to the Court during the February 3, 2011 hearing." (*Id*. at 2).

On February 28, 2011, Adams filed his Amended Answer (Docket Entry No. 22). In his Amended Answer, Adams claims ownership of the funds at issue in this case, asserts that the Government "does not have any evidence that my money came from drug proceeds," and sets forth his position as to the underlying facts and circumstances surrounding the seizure of the funds.

On March 15, 2011, while its motion for Default Judgment was still pending, the Government filed the instant "Motion for Entry of an Order Deeming the Allegations Set Forth in Paragraphs 1 Through 12 of the Complaint for Forfeiture Admitted and for Entry of a Judgment on the Pleadings for Forfeiture." The Government contends that Adams' Amended Answer fails to comply with the requirements of FED. R. CIV. P. 8(b), because Adams did not answer each paragraph individually, either denying each allegation or stating that he is without sufficient knowledge to form a belief as to the truth of the allegation. The Government contends that the Court should therefore deem all of the factual allegations in the complaint as admitted and enter judgment in favor of the Government.

On March 22, 2011, this Court issued an Order Denying the Government's Motion for Default Judgment (Docket Entry No. 24), wherein this Court stated that "[c]onsidering Adams' *pro se* status, Adams' Amended Answer sufficiently addresses the Government's Complaint for

Forfeiture."

Because this Court continues to believe that Adams has sufficiently answered the complaint, the Court shall deny the pending motion as well. It is well-established that pleadings by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21. By virtue of having received Adams' claim, his original answer, and his Amended Answer, and by having heard Adams articulate his claim to the funds and his defense to forfeiture in open court, the Government has been apprised of Adams' claim to the funds, his version of the facts, and his denial that the funds were derived from drug activity.

Accordingly, IT IS ORDERED that the Government's motion (Docket Entry No. 23) is DENIED.

IT IS SO ORDERED.


Dated: July 15, 2011                                S/ Sean F. Cox
                                                    Sean F. Cox
                                                    U. S. District Court Judge


I hereby certify that on July 15, 2011, the foregoing document was served upon counsel of record by electronic means and upon Dontay Adams by First Class Mail at the address below:

Dontay Leon Adams
13309 Kilbourne
Detroit, MI 48212

Dated: July 15, 2011                                S/ J. Hernandez
                                                    Case Manager